UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 9, 2011

LETTER TO COUNSEL

       RE:    Deborah P. Mandycz v. Michael J. Astrue, Commissioner, Social Security;
                Civil No. SAG-10-2287

Dear Counsel:

      On August 20, 2010, the Plaintiff, Deborah P. Mandycz, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") (Paper No. 1). I have considered the parties' cross-motions for summary judgment (Paper Nos. 14 and 15), and Ms. Mandycz's response to Defendant's motion for summary judgment (Paper No. 16). I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will reverse the agency's decision and will remand the matter for further proceedings. This letter explains my rationale.

      The Appeals Council denied Ms. Mandycz's request for review (Tr. 1-3), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. Ms. Mandycz's application was based upon her claim of disability due to back injury, epilepsy, hearing loss, history of skin cancer, depression, and hand pain. Her application was filed on July 26, 2007. (Tr. 146-148). Ms. Mandycz alleged that she became disabled on November 8, 2006. (Tr. 194).

      Ms. Mandycz presents three primary arguments on appeal. First, she argues that the ALJ erred in failing to properly consider her mental impairments. (Paper No. 14 at 17). Second, she contends that the ALJ failed to support her residual functional capacity ("RFC") findings with substantial evidence. (Paper No. 14 at 20). Third, she posits that the ALJ erred by failing to pose a hypothetical question to the vocational expert ("VE") that was supported by substantial evidence. (Paper No. 14 at 23).

The Court rejects Ms. Mandycz's first argument because the ALJ properly made findings that her mental impairments were nonsevere. The ALJ considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1), which are known as the "paragraph B" criteria. After extensive analysis, the ALJ determined that Ms. Mandycz's medically determinable mental impairments caused no more than "mild" limitations in the first and third functional areas and no limitation in the second and fourth functional areas. (Tr. 14-17).

The only physicians who had rendered medical opinions suggesting severity were two non-examining medical consultants. (Tr. 400, 410, 461, 471). The ALJ explained why she afforded those two reports "minimal weight," citing to specific evidence of record from Ms. Mandycz's examining physicians. (Tr. 14-17). The ALJ therefore cited substantial evidence to support her finding that Plaintiff's mental impairments were nonsevere at Step Two.

However, Ms. Mandycz's second argument meets with more success. The ALJ's failure to consider her nonsevere mental impairments, in combination with her physical impairments, at Steps Four and Five requires remand of this case for further consideration. 20 C.F.R. § 404.1523 requires that:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

The ALJ in this case did not mention Ms. Mandycz's mental impairments at all in the RFC analysis at Step Four, or in the hypothetical presented to the VE at Step Five. As a result, the ALJ's discussion of her impairments fails to meet the Fourth Circuit's standard for analyzing and explaining the combined impact of all of a claimant's impairments on her ability to do work, as enunciated in *Hines v. Bowen,* 872 F.2d 56 (4th Cir.1989), and *Walker v. Bowen,* 889 F.2d 47 (4th Cir.1989).

In *Walker,* the Fourth Circuit held that:

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. *Reichenbach v. Heckler,* 808 F.2d 309 (4th Cir.1985);

2

> *DeLoatche v. Heckler,* 715 F.2d 148 (4th Cir.1983); *Oppenheim v. Finch,* 495 F.2d 396 (4th Cir.1974); *Hicks v. Gardner,* 393 F.2d 299 (4th Cir.1968); *Griggs v. Schweiker,* 545 F.Supp. 475 (S.D.W.Va.1982). As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments. *Reichenbach,* 808 F.2d at 312. In this case, the ALJ did not comply with these requirements and the claimant is entitled to have his claim remanded for proper consideration.

*Walker,* 889 F.2d at 50. Because the *Walker* standard was not met, Ms. Mandycz's claim will be remanded for consideration of her mental impairments at Steps Four and Five. The Court offers no opinion as to whether this consideration would mandate a different conclusion as to her entitlement to benefits.

In addition, Ms. Mandycz argues that the ALJ's RFC analysis improperly discounted the opinions of several treating sources. The Court lacks sufficient information to properly evaluate that argument. The treating physician rule does not always require adoption of a treating health care provider's opinion. While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e); SSR 96–5p. Pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to ... any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]." In Ms. Mandycz's case, the ALJ expressly considered all of the medical opinions in the file. However, the ALJ failed to indicate how much weight was assigned to each opinion. Instead, the ALJ simply noted a quantity of weight that was <u>not</u> assigned to each opinion. *See, e.g.,* ("The undersigned does not give controlling weight, or even great weight, to Dr. Karnes' opinions.") (Tr. 20); ("The undersigned has considered Mr. Morrow's opinion in accordance with SSR 06-3p, and does not give it great weight.") (Tr. 20-21); ("The undersigned does not give significant weight to this opinion as Dr. Rudin's conclusion regarding the claimant's prior job is not a medical determination.") (Tr. 21); ("The undersigned does not give great weight to this opinion as the evidence does not support the finding that claimant can lift 50 pounds.") (Tr. 21). On remand, the ALJ should expressly explain the weight assigned to each medical opinion to permit meaningful review.

Ms. Mandycz's third argument contests the hypothetical addressed to the VE. As described above, that hypothetical was defective because it did not include any reference to Ms. Mandycz's mental limitations. Also, as described in Plaintiff's motion (Paper No. 14 at 24), there may have been some minor inconsistencies between the ALJ's RFC finding and the wording of the hypothetical posed to the VE. Any such inconsistencies can be addressed by the ALJ on remand. However, even on remand, the ALJ is not required to include restrictions in her

3

hypothetical unless she determines those restrictions to be valid based on substantial evidence. *See Forsyth v. Astrue*, No. CBD–09–2776, 2011 WL 691581, *9 (D.Md. Feb.18, 2011); *see also Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 445 (8th Cir.1989) (stating that "the hypothetical is sufficient if it sets forth the impairments which are accepted as true by the ALJ.").

In addition to the three arguments raised by Ms. Mandycz, both parties contend that the subsequent award of disability, which found Ms. Mandycz to be disabled as of July 22, 2010, should have some impact on the Court's analysis in this case. The Court disagrees. It is clear that the disability date of July 22, 2010 in the new case was selected because it was the day after the decision of the Appeals Council in this original matter, not because Plaintiff suffered any significant event on or about that date to exacerbate her disability. Defendant's contention that the subsequent decision somehow indicates that Plaintiff was not disabled before July 22, 2010 is therefore unfounded. However, Plaintiff's argument equally lacks merit. Plaintiff posits that because the Commissioner has not specifically considered the period between the ALJ's August 18, 2009 decision in this case and the July 22, 2010 date of the Appeals Council decision, remand in this matter is warranted. That issue, however, pertains to the appropriate date for the new application for disability, not to the claim under consideration by this Court. This Court is charged with reviewing the merits of the ALJ's August 18, 2009 decision, and that decision could not possibly have incorporated a consideration of alleged disability between August 18, 2009 and July 22, 2010. On remand, the Commissioner can determine whether its consideration should be extended to that additional time period.

For the reasons set forth herein, Plaintiff's motion for summary judgment (Paper No. 14) will be DENIED and Defendant's motion for summary judgment (Paper No. 15) will be DENIED. The ALJ's opinion will be REVERSED and the case will be REMANDED for further proceedings consistent with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge